**UNITED STATES of America,**

v.

**Darryl HENDERSON and Charod Becton, Defendants.**

**No. 02 CR 451 RO.**

United States District Court, S.D. New York.

Nov. 2, 2006.

David M. Rody, Katherine A. Lemire, Assistant United States Attorneys (Mi-

chael J. Garcia, U.S. Attorney, SDNY), for Plaintiff.

Mark B. Gombiner and John J. Byrnes, Federal Defenders of New York Inc., New York City and Sanford N. Talkin, Talkin, Muccigrosso & Roberts, New York City, for defendant Darryl Henderson.

### OPINION & ORDER

OWEN, District Judge.

In this triple-murder drug racketeering capital case scheduled to begin jury selection in less than one week, defendant Henderson has invoked a statute that reads:

> A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness, except that such list of the veniremen and witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person.

18 U.S.C. § 3432.

The Government on October 29, 2006 provided Henderson with a list pursuant to Section 3432 disclosing the names of 66 potential witnesses the Government may call during trial. The Government declined to provide the addresses for 27 of those witnesses, invoking the provision of § 3432 that allows for nondisclosure of such information to protect the safety of any person. The defendant vehemently objected, saying there was no showing of any risk at all. Tr. of 10/30/06, 216. A hearing was held on October 30, 2006.

Based on the indictment which is, I am confident, based on sworn testimony, and submissions and oral proffers by the Government, the Court finds that the necessary showing has been made to meet § 3432's preponderance of the evidence, that "that providing the list may jeopardize the life or safety of any person." This case involves a triple throat-slitting homicide allegedly committed in the course of a drug racketeering robbery by a drug gang called "Murder Unit" that still has members at large in the community. The victims are alleged to have possessed close to a half million dollars worth of drugs that the defendants robbed from a Bronx apartment. The defendants are alleged to have attempted to obstruct justice by turning on the gas in the apartment, lighting a candle, and fleeing the scene before the planned-for explosion would destroy evidence of the crime.

A letter submitted by the Government on September 26, 2006, details evidence of charged and uncharged crimes committed by the defendants and their co-racketeers. The Government states it intends to prove, *inter alia*, that (1) starting in 1995, Murder Unit "dominated the sale of crack and marijuana within its territory," (2) Murder Unit operated "as a kind of mutual protection society," where members "actively helped each other exclude rival dealers and outsiders" through threats, beatings, assaults, and shootings carried out by many different members, (3) members of Murder Unit had "nearly constant access to, and also frequently used, carried, and possessed, firearms" for the purpose of "[protecting] the narcotics-trafficking activities of Murder Unit against incursions by outsiders and rivals, and to expand the business," and (4) members of Murder Unit "consistently and repeatedly" used violence and threats of violence "including physical beatings and assaults, as well as threats to use weapons and deadly force," to enforce discipline within the organiza-

tion, punish workers and customers who lost or stole money or drugs, and to protect the narcotics business from rivals. The Government proffered at the hearing that multiple lay witnesses have been scared about testifying and have talked about getting help with moving and changing residences. Tr. 218. One witness "has so completely changed his testimony because he is scared to death about [testifying]." Tr. 218.

Based on the foregoing, I conclude by a preponderance of the evidence that providing the list "may jeopardize the life or safety" of a Government witness or witnesses and jurors.[1] Other courts have so found on less.[2]

So Ordered.

---

1. The Court provided a list of veniremen with towns and counties of residence on November 1, 2006.

2. *See, e.g., United States v. Williams,* 2005 WL 664791 (S.D.N.Y.2005).